[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE #104
The defendant moves to strike Counts I, II and III of the plaintiffs amended complaint on the ground that they are legally insufficient under Connecticut General Statutes § 52-550
(a)(5), Connecticut's codification of the Statute of Frauds. The defendant argues that the alleged oral contract falls within the statute of frauds because it was for a period of 10 years.
The plaintiffs argue that full performance exempts an oral contract from the Statute of Frauds. The plaintiffs allege that CT Page 12757 the parties entered into an agreement whereby the defendant would "provide plaintiffs with an uninterrupted stream of clients for ten years to reside in group homes purchased and remodeled by plaintiffs, if plaintiffs would agree to commit the capital necessary to purchase and remodel homes for the clients of the Department of Mental Retardation, and enter into ten year leases with a group home operator." (Amended Complaint, ¶ 11). The plaintiffs allege that they "accepted this offer" and "performed fully" under the agreement by purchasing and remodeling eleven residences and by entering into ten year leases with group home operators for the 11 residences. (Amended Complaint, ¶¶ 12-13).
"Full performance by one party to a contract takes it out of the statute [of frauds]." Stanley v. M.H. Rhodes, Inc.,140 Conn. 689, 695, 103 A.2d 143 (1954), citing Strang v. Witkowski,138 Conn. 94, 99, 82 A.2d 624 (1951). Stanley v. M.H. Rhodes, Inc., supra, 691, involved an action for an accounting in order to determine the amount of payment due plaintiff for services rendered to the defendant. The court stated that because the plaintiff fully performed his services, it was too late for the defendant to rely upon the statute of frauds as a defense.Stanley v. M.H. Rhodes, Inc., supra, 695.
In Strang v. Witkowski, supra, 138 Conn. 95, the plaintiff, in compliance with an oral contract, had procured customers for the defendants, who subsequently refused to pay the agreed commission. The court determined that "[e]ach time the plaintiff secured a customer for the defendants there was a contract fully performed on his. . . . The contracts, since they had been fully performed by the plaintiff and nothing remained to be done by the defendants except to pay the commissions earned, were not within the statute [of frauds]." Strang v. Witkowski, supra, 99.
"[T]he rule, generally recognized, [is] that full performance by one party to an agreement removes it from the statute [of frauds]." (Citation omitted.) Burkle v. Superflow Mfg. Co.,137 Conn. 488, 498, 78 A.2d 698 (1951). In Burkle v. Superflow Mfg.Co., supra, 490-491, the plaintiffs brought an action to recover damages for breach of an oral contract providing that the plaintiffs solicit orders for plumbing equipment and that the defendant supply and deliver the equipment within 30 days and pay the plaintiffs a commission of 10 per cent on all orders procured by them. The plaintiffs alleged that the oral contract was removed from the statute of frauds by part performance. The court CT Page 12758 concluded that "[t]he doctrine of part performance applies only to agreements for the sale of real estate or any interest in or concerning it," but that "full performance by one party to an agreement removes it from the statute [of frauds]." (Citation omitted.) Burkle v. Superflow Mfg. Co., supra, 497.
"The doctrine that full performance by one party to a contract takes it out of the statute [of frauds] is law in the majority of jurisdictions in the United States . . . and it is accepted in Connecticut. . . . [T]he performance need not take place within one year, so long as it has been wholly completed by the time the action is brought." (Citations omitted.) Lee v.Jenkins, 156 F. Sup. 858, 861 (D. Conn. 1957), citing Strang v.Witkowski, supra, 138 Conn. 94. In Lee v. Jenkins, supra, 860-861, the plaintiff brought an action seeking recovery of pension payments on the basis of two alleged oral contracts, contending that he fully performed the contract. The court determined that the evidence did not support the plaintiffs testimony that the oral contracts existed, and that he fully performed. Lee v. Jenkins, supra, 862.
In addition, several Superior Court cases have relied on the rule of law that full performance by one party to a contract takes it out of the statute of frauds. See, e.g., Ross v. Youkon, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 141699 (April 7, 1995, Dean, J.); CommandSystems, Inc. v. Wilson, Superior Court, judicial district Hartford-New Britain at Hartford, Docket No. 702529 (February 9, 1995, Corradino, J.); McShane v. The Mirand Group, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 102922 (May 15, 1992, Lewis, J.).
The defendant's motion to strike Counts I, II and III of the amended complaint on statute of frauds grounds is denied in that the plaintiffs have explicitly pleaded that they fully performed under the alleged contract.
M. Hennessey, J.